# Federal Defenders
## OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza - 16th Floor, Brooklyn, NY, 11201
Tel: (718) 330-1200  Fax: (718) 855-0760

*David E. Patton*
*Executive Director and*
*Attorney-in-Chief*

Eastern District
Peter Kirchheimer
Attorney-in-Charge

August 3, 2012



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 07 2012 ★
**BROOKLYN OFFICE**

The Honorable John Gleeson
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE:   **United States v. Thomas Napoli, 10-CR-150-JG**

Your Honor:

   Please accept this letter as Mr. Thomas Napoli's motion for early termination of probation pursuant to 18 U.S.C. §3564(c).

   On January 7, 2011, this Court sentenced Mr. Thomas Napoli to serve five years of probation with six months of home confinement. The judgment also included the special conditions that Mr. Napoli enroll in and attend GED classes and pay $30,000.00 restitution at 10% of the defendant's gross monthly income.

   18 U.S.C. § 3564(c) provides that, "The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, ... , terminate a term of probation previously ordered and discharge the defendant ... at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." By reference to 18 U.S.C. §3553(a), subsection 3564(c) requires the Court to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to reduce the term of probation. *See, e.g., United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997)(considering a motion for early termination of supervised release). Early termination "is warranted only 'occasionally,' when 'changed circumstances--for instance, exceptionally good behavior by the defendant . . . will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).'" *United States v. Weintraub*, 371 F. Supp. 2d 164, 166 (D. Conn. 2005)

(quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)).

Mr. Napoli has now been on probation for over 16 months. During that time he has been in perfect compliance with the conditions and obligations of probation. Since he was sentenced he completed six months of home confinement without incident. He promptly earned a GED from Kingsborough Community College. He applied to and was accepted at Local 79, the Mason Tenders Union. He works through his union on a full time basis. On Saturdays and some evenings he also helps out at his family's restaurant in Windsor Terrace, Brooklyn. Through wage garnishment, Mr. Napoli is faithfully paying restitution at 10% of his gross income. In all of his interactions with his probation officer Mr. Napoli has been always respectful and diligent. In sum, Mr. Napoli has indeed demonstrated exceptionally good behavior while on probation.

Given Mr. Napoli's exceptionally good behavior and perfect compliance with the conditions and obligations of probation, and with consideration of the general purposes of punishment, specifically, deterrence, public safety, rehabilitation, proportionality, and consistency, Mr. Napoli respectfully moves for early termination of probation.

Thank you for your attention. Please advise.

Respectfully submitted,

*/s/ Heidi C. Cesare, Esq.*
Heidi C. Cesare, Esq.
Assistant Federal Defender
718-330-1257

cc: The Honorable John Gleeson (by ECF)
AUSA Cristina Posa (by email)
AUSA Amy Busa (by email)
USPO Robert Anton (by email)
Thomas Napoli